# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARTIN J. MURPHY,**
            **Plaintiff,**

      v.                                      **Case No. 15-CV-222**

**TOWN OF GENEVA WISCONSIN,**
            **Defendant.**

## ORDER

Currently before the court is the motion of plaintiff Martin J. Murphy for a temporary restraining order and a preliminary injunction barring the defendant, Town of Geneva, Wisconsin, from enforcing its ordinance prohibiting the advertisement of properties available for short-term rentals in residential areas. (ECF No. 5.) The motion was filed on February 27, 2015, the day after the complaint was filed. The town was served on March 3, 2015 (ECF No. 7) and filed its answer on March 13, 2015 (ECF No. 9). Murphy's motion was filed as an expedited non-dispositive motion under Civil Local Rule 7(h) and the town's response was due within seven days. The town did not respond to the motion until March 26, 2015 (ECF No. 17). Consequently, Murphy moved to strike the town's response as untimely. (ECF No. 18.)

Murphy's motion to strike is denied. Although he is correct that the town's response was untimely under this district's local rules, motions to strike based upon a

party's violation of the local rules are disfavored. *See* Gen. L.R. 1 ("[T]he rules are intended to be enforced primarily upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious cases."). The town's failure to timely respond was undoubtedly perilous; it ran the risk that the court would enter an order on the motion under the assumption that the town had no response. However, that did not happen. Because the motion was a request for immediate relief filed in a case directly assigned to a magistrate judge who had not yet received the consent of all the parties, pursuant to this district's standard practices it was to be resolved by the duty district judge. The duty district judge had not resolved the motion by the time the town responded and all parties consented to the full jurisdiction of a magistrate judge. Thus, the motion is now before this court.

Murphy owns a home in a residential district of the Town of Geneva that he seeks to rent to visitors for periods of less than 30 days. To find such short-term renters, he has been advertising the availability of his property on various websites. However, such advertising is prohibited by a town ordinance. The town has threatened Murphy with enforcement should he continue to violate the ordinance. Murphy contends that such a prohibition on advertising is an infringement of his First Amendment rights, among other things, because the town is barring speech related to an otherwise lawful activity (the short-term rental of residential property).

According to the town, such short-term rentals in residential areas are barred by county ordinance and thus the town is simply prohibiting the advertisement of an unlawful activity. Murphy acknowledges that the property is zoned R-1 Residential. (ECF No. 1, ¶ 12.) Walworth County Ordinance Sec. 74-54 outlines the principle, accessory, and conditional uses of property zoned R-1. (ECF No. 17-1 at 6-8.) Not included as a permissible use of property zoned R-1 is any sort of establishment that offers rentals of less than 30 days to persons "traveling away from their permanent place of residence for vacation, pleasure, recreation, culture, business or employment." (*See* ECF No. 17-1 at 9 (Walworth Cnty. Ord. Sec. 74-131).)

A temporary restraining order, like a preliminary injunction, requires the moving party to "show that it is reasonably likely to succeed on the merits, it is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006); *Madison Vigil for Life, Inc. v. City of Madison*, 1 F. Supp. 3d 892, 895 (W.D. Wis. 2014). In a First Amendment case, "the likelihood of success on the merits will often be the determinative factor" in determining whether injunctive relief should be granted. *ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012) (quoting *Joelner v. Village of Washington Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004)).

Having reviewed the filings of the parties, the court declines to issue a temporary restraining order. Murphy has failed to show a threat of such immediate harm necessitating-- the extraordinary relief of a temporary restraining order. Moreover, it is not at all clear that Murphy has a likelihood of success on the merits sufficient to merit the issuance of a temporary restraining order. Commercial speech is protected under the First Amendment only if it concerns a lawful activity. *Cent. Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 566 (1980). The activity about which Murphy complains is, based upon the record presently before the court, unlawful. Nevertheless, the court shall set a hearing on Murphy's request for a preliminary injunction.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a temporary restraining order (ECF No. 5) is **denied**. The court withholds ruling on the plaintiff's request for a preliminary injunction pending a hearing before this court on **April 2, 2014** at **9:30 AM** in Courtroom 284 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (ECF No. 18) is **denied**.

Dated at Milwaukee, Wisconsin this 30th day of March, 2015.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge