# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARTIN J. MURPHY,**

          **Plaintiff,**

    v.                                            **Case No. 15-CV-222**

**TOWN OF GENEVA WISCONSIN,**

          **Defendant.**

## ORDER

Plaintiff Martin J. Murphy filed the present action on February 26, 2015 challenging on Constitutional grounds an ordinance of the Town of Geneva that prohibits the advertisement for short-term rentals of properties in residential areas. (ECF No. 1.) The following day he moved for a temporary restraining order and preliminary injunction. (ECF No. 5.) The matter was initially randomly assigned to Magistrate Judge William E. Callahan, Jr. Because a motion requesting immediate relief was filed and the parties had not yet consented to the jurisdiction of a magistrate judge, the motion was directed to a district judge. The case was then reassigned to this court upon the retirement of Magistrate Judge Callahan. Before the district judge resolved the pending motion, all parties consented to the jurisdiction of this court. On March 30,

2015 this court denied the motion for a temporary restraining order. (ECF No. 20.) A hearing on plaintiff's motion for a preliminarily injunction was then held on April 2, 2014.

Following the hearing, Murphy filed two separate motions to cite additional authority. (ECF Nos. 23, 24.) Even though Murphy should have provided the authority before the hearing so as to permit the Town an adequate opportunity to respond at the hearing, the court shall nonetheless grant the motions.

Turning to the merits of Murphy's request for a preliminary injunction, Walworth County, which includes the Town of Geneva, generally prohibits the short-term rental of properties in residential areas. (*See* ECF No. 17-1 at 9 (Walworth Cnty. Ord. Sec. 74-131).) The Town of Geneva passed Ordinance No. 77 whose stated purpose "is to provide the Town with a means to prohibit the solicitation for the unlawful use of residential properties prohibited by the laws of the State of Wisconsin and Walworth County Ordinances from renting to transients for a period of less than one calendar month or 30 consecutive days whichever is less." (ECF No. 17-1 at 3 (Twn. of Geneva Ord. 77, sec. 1).) Section 3 of the ordinance states:

> It is prohibited for any person, enterprise, managing agency or rental agent to advertise, solicit or facilitate the rental for less than one calendar month or 30 consecutive days whichever is less of a short term unit located within residential districts of the Town of Geneva. Such activity is prohibited, whether by mailings, print advertisements, internet listings, or other means, and is a violation of this Ordinance.

(ECF No. 17-1 at 4 (Twn. of Geneva Ord. 77, sec. 3).)

2

Murphy contends that Section 3 bans all advertising of short-term rentals without regard to whether the rental is lawful or not. Because it bars advertising of both legal and illegal activity, it is his position that the ordinance is facially unconstitutional under the First Amendment. The Town responds that Section 1 makes it clear that the ordinance is limited to advertising rentals that are unlawful. If Murphy's rentals are lawful, as he contends they are, then in the Town's view he is not barred from advertising them under the ordinance.

Under Wisconsin law, traditional rules of statutory interpretation are applied in the interpretation of an ordinance. *Schwegel v. Milwaukee Cnty.*, 2015 WI 12, ¶ 22, 859 N.W.2d 78; *Madison Teachers, Inc. v. Walker*, 2014 WI 99, ¶ 143 n.48, 358 Wis. 2d 1, 851 N.W.2d 337. When reviewing the meaning of an ordinance, the court cannot read an individual section in isolation but rather must examine the ordinance as a whole. *Milwaukee Police Ass'n v. Hegerty*, 2005 WI 28, ¶ 20, 279 Wis. 2d 150, 161, 693 N.W.2d 738, 744; *see also Smith v. City of Brookfield*, 272 Wis. 1, 5, 74 N.W.2d 770, 772 (1956) (quoting 6 McQuillin, *Municipal Corporations* (3rd ed.) sec. 20.54, p. 132). Constructions that would lead to constitutional objections should be avoided. *Milwaukee v. Milwaukee Amusement, Inc.*, 22 Wis. 2d 240, 251, 125 N.W.2d 625, 631 (1964).

Reading the ordinance in its entirety, the court reads Section 1 as an integral part of Section 3 and construes the ordinance as barring only the advertisement of short-term rentals that are unlawful. Short-term rentals that are lawful are not affected by the

3

ordinance and may be freely advertised. Because this ordinance proscribes advertising related only to unlawful activity, it does not violate the First Amendment. *See Cent. Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 566 (1980).

Murphy concedes that he is making only a "facial challenge" to the ordinance, not an "as applied challenge." (ECF No. 22, ¶¶3-7.) Whether he may lawfully rent his property on a short-term basis is not a question before this court. Short-term rentals are regulated by Walworth County, not the Town. The County is not a party to this action and the meaning of the Walworth County ordinances is not before this court. (*See* ECF No. 22, ¶ 9.) Because the court concludes that, based upon the record presently before the court, the ordinance is facially constitutional, Murphy has failed to show an adequate likelihood of success on the merits, *see ACLU of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012), and therefore the extraordinary relief of a preliminary injunction is not appropriate.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a preliminary injunction (ECF No. 5) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motions to cite supplemental authority (ECF Nos. 23, 24) are **granted.**

**IT IS FURTHER ORDERED** that the court shall conduct a telephonic Rule 16 conference on **April 15, 2015 at 9:00 AM**.

- The parties shall be prepared to discuss the matters set forth in Civ. L.R. 16(a)(1).

- The parties shall call the court's conference line at 888-278-0296 and use access code 8322317# to join the call.

**IT IS FURTHER ORDERED** that not later than **April 10, 2015** the parties shall file a report in accordance with Rule 26(f). This report should include:

- A brief description of the nature of the case, including a statement regarding the basis of subject matter jurisdiction.

- Whether the parties contemplate amending the pleadings, by joining parties or for other reasons.

- Any motions that are contemplated at this time.

- Such other matters as may affect the scheduling of this case for final disposition.

Dated at Milwaukee, Wisconsin this 6th day of April, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge